NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7184

LAWRENCE A. KOKENGE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  April 26, 2006

_____

Before NEWMAN, LOURIE, and PROST, Circuit Judges.

NEWMAN, Circuit Judge.

Lawrence A. Kokenge appeals the decision of the United States Court of Appeals for

Veterans Claims (the Veterans Court) upholding a decision by the Board of Veterans'

Appeals (the Board) that there was no clear and unmistakable error (CUE) in a Veterans

Administration's Regional Office (RO) decision that denied service connection for

progressive rod-and-cone degeneration in both eyes.[1]   Because Mr. Kokenge only

challenges the Board's factual determinations and the Board's application of law to the facts

of his case, we must <u>dismiss</u> his appeal for lack of jurisdiction.

BACKGROUND

Mr. Kokenge served on active duty from August 1969 to November 1971.   In

November 1971 Mr. Kokenge presented a claim for service connection for progressive rod-

and-cone degeneration.  The RO denied the claim on June 20, 1972; Mr. Kokenge did not

appeal that decision.  In May and June 1986 the RO denied a request by Mr. Kokenge to

reopen this claim, holding that he had not presented new and material evidence.  In August

1999 he again sought to reopen the claim.  The RO reopened the claim, and in April 2000

the RO granted service connection for bilateral retinitis pigmentosa (previously coded as

progressive rod-and-cone degeneration) in both eyes, and assigned a 70% disability rating,

effective August 1999.  The RO based this finding on a new opinion by his private physician

establishing a relationship between his eye condition and his period of service, and a VA

examiner's opinion stating that permanent aggravation from service could not be ruled out.

Mr. Kokenge, seeking an earlier effective date, contended that the original June

1972 RO decision contained CUE.  The RO determined that the June 1972 RO decision did

not contain CUE, and on December 2, 2002 the Board agreed.  The Board held that the RO

in 1972 had correctly applied the presumption of soundness (the statutory presumption that

a veteran is sound upon entering the service) and had correctly applied the presumption of

---

1        <u>Kokenge v. Nicholson</u>, No. 03-588 (Vet. App. May 19, 2005).

aggravation (the statutory presumption that an increase in a preexisting disability during service is the result of aggravation by service). See 38 U.S.C. §311 (1970) (the presumption of soundness) (now 38 U.S.C. §1111 (2006)); 38 U.S.C. §353 (1970) (the presumption of aggravation) (now 38 U.S.C. §1153 (2006)).

Mr. Kokenge appealed to the Veterans Court. On May 19, 2005 the Veterans Court affirmed the Board's determination that there was no CUE in the 1972 RO decision. The Veterans Court found no error in the Board's determination that although the RO in 1972 did not specifically discuss the presumption of soundness, the record evidence before the RO would have rebutted that presumption. As for the presumption of aggravation, the Veterans Court found no error in the Board's determination that the presumption of aggravation was rebutted by a specific RO finding that the increase in disability was due to the natural progression of the disease. See §353 (a preexisting condition that increased in severity during service is considered aggravated by service "unless there is a specific finding that the increase in disability is due to the natural progress of the disease").

Mr. Kokenge appeals to this court, arguing that the Veterans Court and the Board erred in their interpretation of the law and its application to his situation.

DISCUSSION

Our jurisdiction to review a decision of the Veterans Court is limited by statute. We may review the correctness of "a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. §7292(a) (2006). Absent a constitutional issue, however, we cannot review a challenge to a factual determination or a challenge to the application of a law or regulation to the facts of a particular case. §7292(d)(2).

Mr. Kokenge argues that the RO "committed CUE when it improperly shifted the burden of proof to the Veteran when it denied service connection based solely on naked conclusory statements in its rating decision dated June 23, 1972," and that the Board incorrectly applied the statutory presumptions of soundness and aggravation, improperly placing the burden of proof on the veteran. App. Br. at 22. He states:

> The decision of the BVA in this matter dated December 2, 2002 does an adequate job of outlining the law governing CUE claims. The BVA also expresses an understanding of the laws governing the burden of proof and the presumptions which were in effect in 1972 and governed the original June 20, 1972 Rating Decision. The BVA's Decision, however, breaks down in the analysis phase. The BVA acknowledges that the Veteran's disease was first manifested in service, and that he was to be presumed sound. The BVA also acknowledges that the 1972 Rating Decision made no mention of this presumption. However, the BVA claims that the physician who examined or evaluated the Veteran in conjunction with his physical and medical evaluation boards rebutted this presumption.

App. Br. at 25 (internal citations omitted).

The government responds that the issues raised in Mr. Kokenge's appeal involve the Board's factual determinations and application of law to fact, issues outside of this court's jurisdiction to review. The government states that Mr. Kokenge has not challenged the validity or interpretation of any statute or regulation relied on by the Veterans Court, or any rule of law relied on by the Veterans Court, and has not raised a constitutional issue. The government states that Mr. Kokenge is simply challenging the sufficiency of the evidence relied on by the Board as rebutting the presumptions of soundness and aggravation. Mr. Kokenge responds that this court need not review the facts of his case "to see that the Regional Office misinterpreted the statute to shift the burden on the Veteran to prove that he was sound at induction." Reply Br. at 3. Mr. Kokenge states that the "failure to apply

the presumption or to incorrectly apply that presumption is clear and unmistakable error" and any "other holding is simply a misinterpretation of the applicable law." Id.

The issue, however, is whether the presumption, whose existence was acknowledged by the Board, was rebutted on the facts of Mr. Kokenge's case. Whether there is sufficient evidence to rebut a presumption is a question of fact, not law. We discern no error of law, and indeed Mr. Kokenge acknowledges that the Board understood "the laws governing the burden of proof and the presumptions which were in effect in 1972." App. Br. at 25. His arguments concerning burden shifting and the sufficiency of the evidence are clearly directed at the "analysis phase" of the Board's decision, id., a matter of application of the law to his facts. Mr. Kokenge's appeal is outside this court's assigned jurisdiction, and is dismissed.

No costs.